IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09V87-02-V
(5:97CR109-3-V)

| | |
|---|---|
| **CHRISTIAN DEXTER BYRD,**  )<br>    Petitioner,  )<br>  )<br>    v.  )<br>  )<br>**UNITED STATES OF AMERICA,**  )<br>    Respondent.  )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed July 24, 2009. For the reasons stated herein, Petitioner's Motion to Vacate must be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent here, on May 12, 1997, Petitioner was charged with conspiring to possess with intent to distribute cocaine powder and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and he was charged with two counts of possession with intent to distribute cocaine powder and cocaine base, and aiding and abetting that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Two and Five).[1]  (Case No. 5:99CR109-3, document #

---

[1] In addition, Count Seven set forth a forfeiture allegation against Petitioner under 21 U.S.C. § 853(f). However, the Government subsequently dismissed that allegation during Petitioner's Sentencing Hearing.

1).  On May 28, 1997, the Government filed an amended Information pursuant to 21 U.S.C. § 841(b)alleging that the conspiracy involved in excess of five kilograms of cocaine powder and cocaine base; that Count Two involved in excess of 47 grams of cocaine base; and that Count Five involved in excess of 12 grams of cocaine base.  (Case No. 5:99CR109-3, document # 9).  On June 2, 1997, Petitioner was arraigned at which time he entered "not guilty" pleas and requested a jury trial.

To that end, on January 14, 1998, Petitioner's jury trial was commenced.  After several days of trial, on January 23, 1998, the Jury convicted Petitioner of Counts One and Two, and acquitted him of Count Five.  (Case No. 5:99CR109-3, document # 178).  On March 15, 1999, the Court held Petitioner's Sentencing Hearing.  After reviewing the record and hearing from the parties, the Court sentenced Petitioner to concurrent terms of 210 months imprisonment.  (Case No. 5:99CR109-3, document # 229).

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals.  However, after a re-hearing <u>en banc</u>, Petitioner's conviction and sentence both were affirmed by an unpublished opinion.  <u>See</u> <u>United States v. Byrd</u>, 30 Fed. Appx 38 (4th Cir. Jan. 14, 2002).  Petitioner did not seek any further direct review in his case.  Rather, after the passage of more than several years, Petitioner now has returned to this Court on the instant Motion to Vacate.  By his Motion, Petitioner raises a

2

single, essentially undecipherable claim that:

> my conviction was hear/say [sic] not concrete evidence[;] testimony for timecuts [sic] my trial had officers/one (1) convicted felon on jury[;] gun charges were unassesable [sic] due to it never were [sic] used in any crime/wasn't a convicted felon /gun wasn't stolen. I didn't have a fair trial/fair representation.

Notwithstanding his belief to the contrary, however, Petitioner's Motion to Vacate is subject to summary dismissal as time-barred.

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

As was noted on Petitioner's form-Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As previously was noted, Petitioner's conviction and sentence were affirmed on appeal by an opinion filed January 14, 2002, and he did not seek further direct review for his case. Consequently, Petitioner's case became final 90 days after entry of the appellate decision, i.e., on April 15, 2002. See Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Therefore, in the absence of any intervening circumstances, pursuant to the AEDPA, Petitioner had up to and including April 15, 2003, in which to file the instant Motion to Vacate. Obviously, Petitioner did not file his Motion by that date.

Petitioner properly has recognized that his Motion to Vacate

4

likely would be construed as time-barred.  That is, Petitioner's form-Motion to Vacate expressly admonished[2] him that if he were filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred. Thus, Petitioner set out to establish that his claim somehow has been timely presented.  Petitioner reports that his Motion to Vacate should not be construed as time-barred:

> due to ineffective counsiling/tampering [sic] by officers/Catawba County Sheriff [D]epartment, which removed all my information from my property, transcripts and discovery were sent to Florida, to a Mr. Keith Edison, which I never herd [sic] from again, which I saw Catawba County Sheriff [D]epartment agents at Elkton FCI in Elkton, Ohio around the time I sent these transcripts/discovery book when all my addresses were missing from my property.
>
> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that: A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from latest of –

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill's notice provision.  The new form now includes a section which directs petitioners to address the "timeliness of [their] Petition[s]."  In particular, question 18 on the new form advised this Petitioner that if his conviction became final more than one year before the time that the Motion to Vacate is being submitted, he "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [his] motion." Thus, inasmuch as Petitioner obviously has read that question and has proffered a reason why his Motion should be construed as timely filed –- albeit unsuccessfully -- the Court finds that no further notice or opportunity for response is required for him.

5

> (2) the date on which the impediment to
> making a motion created by government action
> in violation of the constitution or laws of
> the United States is removed, if the movant
> was prevented from making such motion by
> government action.

However, this explanation is not compelling, and it clearly falls far short of establishing that the Government somehow impeded his timely filing of the Motion.

Furthermore, a review of his Motion reflects that Petitioner's claims relate to matters of which he was or should have been aware at the time he was prosecuted and sentenced by this Court. Likewise, Petitioner's claims do not relate to any intervening, retroactively applicable change in the law. Therefore, Petitioner has failed to demonstrate any valid reason for construing his filing deadline as commencing at any time later than the April 2003 date which this Court has identified.

Similarly, Petitioner's so-called explanation also fails to establish that his case falls into the category of one of those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him. Therefore, the time during which Petitioner delayed bringing this Motion cannot be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

Finally, the Court also is aware of the Fourth Circuit's

6

decision in <u>Bilal v. North Carolina</u>, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Fourth Circuit, specifically limiting its holding to the facts of that case, concluded that this Court's <u>sua sponte</u> dismissal of a <u>habeas</u> petition was pre-mature. However, this case is distinguishable from <u>Bilal</u>.

In <u>Bilal</u>, the petitioner answered question 18 with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. <u>Bilal</u> also involved a petition which was brought under § 2254 thirty days after the expiration of the filing deadline. Here, Petitioner has provided a lengthy response to question 18; however, his response simply is insufficient to excuse his delay. Furthermore, the instant Motion is made under § 2255, and is more than six years outside the one-year limitations period. Last, unlike in <u>Bilal</u>, this Court has access to Petitioner's entire criminal file, a review of which clearly establishes the untimeliness of this Motion to Vacate. In sum, therefore, the undersigned finds that dismissal of Petitioner's Motion for untimeliness is warranted.

### III. **CONCLUSION**

The AEDPA requires, among other things, Petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute. Here, Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed.

7

Accordingly, Petitioner's Motion to Vacate shall be <u>dismissed</u> as time-barred.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: August 6, 2009

Richard L. Voorhees
United States District Judge