# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:97-CR-00109-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| CHRISTIAN DEXTER BYRD, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court sua sponte after the preliminary revocation and detention hearings were held on April 1, 2013.

At the outset of the hearing, appointed counsel Rahwa Gebre-Egziabher represented that Defendant was not communicating with her. The Court advised Defendant that he was present for preliminary revocation and detention hearings. The Court also advised him of the maximum penalty he faced upon revocation of supervised release. Defendant refused to answer the Court's questions as to whether he understood the nature of the proceedings or the maximum penalty. Ms. Gebre-Egziabher further advised that Defendant did not want to be represented by counsel.

The Court advised Defendant of his right to appointed or retained counsel. The Court also advised him of his right to represent himself. Defendant refused to speak or answer any of the Court's questions concerning counsel. The Court advised Defendant that he may be found to have forfeited his right to appointed counsel by his actions. Defendant continued to remain silent. The Court briefly explained the process of a Farretta hearing and Defendant did not respond.

The Court cannot find that Defendant has knowingly and intentionally waived his right to counsel since he refused to engage in any colloquy on the subject. To be effective, "[a]n

assertion of the right of self representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

However, based upon the Defendant's refusal to cooperate with Ms. Gebre-Egziabher and his thwarting of the Court's repeated attempts to protect his right to counsel, the Court finds that Defendant has forfeited his right to counsel in this matter. See United States v. Coleman, No. 3:09-CR-207, 2010 WL 4395358, at *5 (E.D.Va. October 28, 2010) (finding Defendant forfeited his right to counsel by his dilatory tactics and unwillingness to work with his attorneys including filing three pro se motions, communicating regularly with the Clerk's office and dismissing his attorneys when they failed to pursue his preferred courses of action).

The Court proceeded to conduct the preliminary revocation and detention hearings with Defendant present, but without counsel. Defendant was afforded the opportunity to cross-examine the Government's witness, present evidence, and make arguments. He remained silent and did not respond to the Court in any fashion. The Court found probable cause and ordered Defendant detained.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: April 1, 2013

David S. Cayer
United States Magistrate Judge